*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| STANLEY VAN BRAXTON,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY<br>DEPARTMENT OF CORRECTIONS,<br>et al.,<br><br>Defendants. | Civil Action No. 15-2787 (MAS)<br><br>OPINION |

SHIPP, District Judge:

*Pro se* Plaintiff Stanley Van Braxton ("Plaintiff") seeks to bring this action *in forma pauperis* pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. The Court has reviewed his application and he will be granted *in forma pauperis* status.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). For reasons stated below, the Court dismisses the Complaint.

I.      FACTUAL BACKGROUND

The Complaint is almost devoid of any factual allegations. Plaintiff asserts that Defendants New Jersey Department of Corrections ("NJDOC") and New Jersey State Parole Board ("NJSPB") (collectively referred to as "Defendants") violated his federal and state constitutional rights by false imprisonment, when Plaintiff was an inmate at Bayside State Prison in Leesburg, New Jersey.

(ECF No. 1 at 3.) Plaintiff appears to assert that his original sentence was scheduled to end on May 28, 2012, but Defendants wrongfully kept him in prison until April 18, 2013. *Id.* The Complaint does not contain any allegations showing: (1) the details of his original conviction and sentence, (2) the circumstances that led to his alleged false imprisonment, (3) any administrative or state court proceedings that Plaintiff pursued, or (4) the state officials who were involved in the alleged false imprisonment. Plaintiff asserts that Defendants intentionally injured him and caused him serious mental and physical anguish and stress. *Id.* at 4.

## II.   DISCUSSION

The Eleventh Amendment to the United States Constitution provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. As such, the Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Section 1983 does not override a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 338 (1979). This Court has repeatedly held that NJSPB is a state agency for the purposes of the Eleventh Amendment immunity. *See, e.g., Ferguson v. Isabella*, No. 12-2662, 2014 WL 282757, at *3 (D.N.J. Jan. 21, 2014); *Dastas v. Ross*, No. 11-4062, 2012 WL 665630, at *1 n.4 (D.N.J. Feb. 29, 2012); *McCargo v. Hall*, No. 11-533, 2011 WL 6725613, at *2 (D.N.J. Dec. 20, 2011); *Davis v. N.J. Dep't of Corr.*, No. 10-6007, 2010 WL 4878748, at *6 (D.N.J. Nov. 23, 2010). This Court has also repeatedly held that NJDOC is a state agency entitled to immunity. *See, e.g., Bell v. Holmes*, No. 13-6955, 2015 WL 851804, at *3 (D.N.J. Feb. 23, 2015); *Homan v. N.J. Dep't of Corr.*, No. 13-1466 (MAS), 2014 WL 4273304, at *3 (D.N.J. Aug. 28, 2014); *Wimbush v. Jenkins*,

No. 13-4654, 2014 WL 1607354, at *4 (D.N.J. Apr. 22, 2014); *Love v. Dep't of Corr.*, No. 13-1050, 2014 WL 46776, at *2 (D.N.J. Jan. 6, 2014).

Because Defendants are both state agencies immune from § 1983 suits, all claims against Defendants will be dismissed without prejudice. The Court will allow Plaintiff, within 60 days from the date of entry of the accompanying Order, to amend the Complaint consistent with the holdings of this Opinion. Plaintiff should assert in the amended complaint all relevant facts known to him relating to his claims, in order to avoid future dismissals.

### III.  CONCLUSION

For the reasons set forth above, all claims against Defendants are **DISMISSED WITHOUT PREJUDICE.** Plaintiff shall have 60 days from the date of entry of the accompany Order to amend the Complaint.

_____
**Michael A. Shipp, U.S.D.J.**

Dated: 5/8/15